

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-24-00017-CR

JOCELYN JO MICHEAL PATTERSON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 30311

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

## MEMORANDUM OPINION

Jocelyn Jo Micheal Patterson pled guilty to injury to an elderly person, a third-degree felony. *See* TEX. PENAL CODE ANN. § 22.04 (Supp.). Pursuant to a plea agreement with the State, the trial court placed Patterson on deferred adjudication community supervision for six years. The State later moved to adjudicate Patterson's guilt after she violated the terms and conditions of her community supervision by (1) failing to report, (2) changing her address without notifying her community supervision officer, (3) missing drug tests, and (4) admitting to using methamphetamine on several occasions, among other things. After Patterson pled true to those allegations at the adjudication hearing, the trial court revoked her community supervision, adjudicated her guilt, and sentenced her to five years' imprisonment. Patterson appeals.

Patterson's attorney has filed a brief stating that he reviewed the record and found no genuinely arguable issues that could be raised on appeal. The brief sets out the procedural history of the case and summarizes the evidence elicited during the trial court proceedings. Since counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, that evaluation meets the requirements of *Anders v. California*. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On May 23, 2024, counsel mailed to Patterson copies of the brief, the motion to withdraw, and the appellate record. Patterson was informed of her rights to review the record

and file a pro se response. On May 22, we informed Patterson that her pro se brief was due on or before June 24. On July 3, we informed Patterson that the case was set to be submitted, on the briefs, on July 24. We received neither a pro se response from Patterson nor a motion requesting an extension of time in which to file such a response.

We have determined that this appeal is wholly frivolous. We have independently reviewed the entire appellate record and, like counsel, have determined that no arguable issue supports an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). In the *Anders* context, once we determine that the appeal is without merit, we must affirm the trial court's judgment. *Id.*

We affirm the judgment of the trial court.[1]

Scott E. Stevens
Chief Justice

Date Submitted: July 24, 2024
Date Decided: July 25, 2024

Do Not Publish

---

[1]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, the appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.